**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AGUSTIN VASQUEZ-OLEA,

Defendant - Appellant.

No. 11-50039

D.C. No. 3:10-cr-01754-AJB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted December 9, 2011
Pasadena, California

Before: D.W. NELSON, GOULD, and IKUTA, Circuit Judges.

The district court did not abuse its discretion in determining that Agent

Tobar, a native Spanish speaker who was also fluent in English, and who had

received additional training in Spanish translation from his employer, was qualified

to verify the accuracy of the phone call translation. *See United States v. Abonce-*

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

*Barrera*, 257 F.3d 959, 964–65 (9th Cir. 2001). Even if the district court had erred in accepting Agent Tobar's qualifications, any such error was harmless because Vasquez-Olea has not alleged any inaccuracy in the translation. *See United States v. Pena-Espinoza*, 47 F.3d 356, 360 (9th Cir. 1995).

The district court did not abuse its discretion in holding that the government's notice stating that Agent Tobar would testify to the "substance" of the recorded phone call and providing a short summary of his knowledge of Spanish met the requirements of Rule 16 of the Federal Rules of Criminal Procedure, because the notice adequately "describe[s] the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(a)(1)(G). Even if the notice had been defective, Vasquez-Olea has not shown a reasonable likelihood that a different verdict would have resulted if he had received earlier or more detailed notice. *See United States v. Figueroa-Lopez*, 125 F.3d 1241, 1247 (9th Cir. 1997).

The district court adequately remedied any untimeliness in the government's production of the recorded jail cell call to Vasquez-Olea by offering him a continuance, which he declined. *See* Fed. R. Crim. P. 16(d)(2)(B). Therefore, any untimeliness under Rule 16 was harmless. *See Figueroa-Lopez*, 125 F.3d at 1247.

The district court did not err in admitting Vasquez-Olea's admissions made in the field because Agent Barr's apprehension of Vasquez-Olea and his companions was a non-custodial *Terry* stop occasioned by reasonable suspicion, and the questioning was reasonably limited in scope and duration to confirming that suspicion. *See United States v. Cervantes-Flores*, 421 F.3d 825, 829–30 (9th Cir. 2005) (per curiam), *abrogated on other grounds by Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527, 2532 (2009). Agent Barr's use of reasonable force to avoid the risk of a physical confrontation or potential flight, including the temporary display of a service weapon, did not convert the *Terry* stop into custodial arrest. *See United States v. Buffington*, 815 F.2d 1292, 1300 (9th Cir. 1987); *United States v. Greene*, 783 F.2d 1364, 1367–68 (9th Cir. 1986); *see also Cervantes-Flores*, 421 F.3d at 830.

Vasquez-Olea's admissions, which were contained in three separate statements, were mutually corroborated by each other and their proximity in time to one another. *See United States v. Hernandez*, 105 F.3d 1330, 1332–33 (9th Cir. 1997). The admissions were further corroborated by evidence of the mode of Vasquez-Olea's entry to the United States and the circumstances under which Agent Barr tracked and discovered the group, including the activated sensors beginning at the border, trail of muddy footprints down a known smuggling trail,

3

and remote location in which the group was hiding when apprehended. *See United States v. Garcia-Villegas*, 575 F.3d 949, 951 (9th Cir. 2009). Because a rational factfinder could find that the element of alienage was established beyond a reasonable doubt, Vasquez-Olea's sufficiency of the evidence claim fails. *See United States v. Gonzalez*, 528 F.3d 1207, 1211 (9th Cir. 2008) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

**AFFIRMED.**